**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Lorraine Carter,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-22-01528-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Rachel Carter's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 15), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 16), to which Plaintiff replied, (Doc. 17). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 9), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 9-3 at 12-30), and will vacate the ALJ's decision [and remand for further proceedings for the reasons addressed herein.

**I.     BACKGROUND**

Plaintiff filed an Application for SSDI benefits in October of 2019, alleging a disability later amended to beginning in September of 2018. Plaintiff's claim was initially denied in March of 2020. After reconsideration was denied, a hearing was held before ALJ Kathleen Mucerina on May 24, 2021. After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from a severe impairment,

osteoarthritis. However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform past work as a bid coordinator, school district library coordinator, and ADP/accounting clerk. Consequently, Plaintiff's Application was again denied by the ALJ on June 28, 2021. Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the final decision of the SSA Commissioner (the "Commissioner")—and this appeal followed.

**II.     LEGAL STANDARDS**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

**III.    DISCUSSION**

Plaintiff argues that the ALJ committed harmful error in evaluating Plaintiff's symptom testimony and in weighing the medical opinion evidence and in rejecting the assessment from Carter's treating counselor Sabra House, LCSW. The Commissioner argues that the ALJ's opinion is supported by substantial evidence and free of legal error. The Court has reviewed the medical and administrative records and agrees with the Commissioner for the following reasons.

**A. Plaintiff's Symptom Testimony**

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the

ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues that ALJ did not provide specific, clear and convincing evidence to discount Plaintiff's symptom testimony. Plaintiff claims the ALJ erred in finding that Plaintiff could still play tennis. The Commissioner argues there is substantial evidence recognized by the ALJ to discount Plaintiff's symptom testimony. Specifically, Plaintiff reported playing tennis through October 2019 which is during the relevant time period. While she could no longer play by some point in 2020, this information was inconsistent with symptom testimony during 2019. The Commissioner also argues the ALJ noted the symptom testimony was inconsistent with Plaintiffs activities of daily living and reports in the medical records. Plaintiff argues that while the ALJ pointed to inconsistencies, the ALJ did not address how those activities of daily living correlated with the ability to do work related activities. Additionally, Plaintiff argues that the ALJ's summary of medical record

with no tie to the symptom testimony doesn't support the findings. The Court agrees that the ALJ did not specifically say that symptom X is inconsistent with this activity or this record which the Court finds is unnecessary. However, most of Plaintiff's past jobs required significant work writing or keyboarding. It is not clear that the ALJ considered specifically whether Plaintiff could perform the job duties of keyboarding and writing. If not, it is unclear if there are other jobs that Plaintiff could perform. Therefore, the Court finds the ALJ error when considering Plaintiff's symptom testimony.

### B. Evaluation of Medical Testimony

For claims filed after March 27, 2017, the rule that previously gave deference to opinions from treating physicians has been rescinded. Additionally, the changes in regulations "displace our longstanding case law requiring an ALJ to provide 'specific and legitimate' reasons for rejecting and examining [or treating] doctor's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). However, the Court held that "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence". Id at 792. The revised regulations require that the ALJ explain only how she considered the supportability and consistency of a medical opinion when assessing its persuasiveness. 20 C.F.R. § 404.1520c; Woods v. Kijakazi, 32 F.4th 785, 791 (9th Cir. 2022).

Plaintiff argues that the parts of the record cited by ALJ to show Ms. House's opinion is unsupported actually prove the opinion is supported. The Court agrees, the records of Ms House do show consistent noted related to Plaintiff being depressed, suffering increased anxiety, unable to make herself do what she needs to do. Plaintiff also argues the ALJ erred in finding the activities of daily living did not support Ms. House's opinion without explanation. The Court agrees. However, the Court finds this error is harmless. The Court "will not reverse the decision of the ALJ for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti*, 533 F.3d at 1038. The findings of the ALJ and the record as a whole support the ALJ's decision that the opinion of Ms. House

is inconsistent with the longitudinal record. Therefore, the Court will not remand based on this error.

### IV. REMAND

If the ALJ's decision is not supported by substantial evidence or suffers from harmful legal error, the district court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). "Remand for further proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). "Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Id.* (citing *Smolen*, 80 F.3d at 1292). Here, Plaintiff contends that the ALJ's errors require this Court to apply the credit-as-true rule and remand his case for benefits

The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even when the claimant is represented by counsel. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). Here, the record is not fully developed regarding whether Plaintiff can perform a job that requires keyboarding and if not, if there are other jobs she can perform. Therefore, the Court will remand for further proceedings.

### V. CONCLUSION

Therefore,

**IT IS ORDERED** vacating the June 28, 2021 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** remanding this case for further proceedings consistent with this opinion.

…

…

…

1    **IT IS FURTHER ORDERED** instructing the Clerk to enter judgment consistent
2 with this order and terminate this case.
3    Dated this 31st day of August, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge